The Honorable Bob Keltner State Representative 6608 Juniper Little Rock, AR 72209
Dear Representative Keltner:
This is in response to your request for an opinion regarding A.C.A. §14-14-918(b) (1987), which provides:
 No measure approved by a vote of the electors shall be amended or repealed by a quorum court except by affirmative vote of two thirds (2/3) of the whole number of justices comprising a court. On the passage of an amendment or repealing measure, the yeas and nays shall be called and recorded in the minutes of the meeting.
Your specific question in this regard is "whether a county quorum court can overturn, by county ordinance, a referendum placed on the ballot by the people after the referendum has been passed by a huge majority of the voters?"
If your question is whether a quorum court can repeal, by a 2/3 vote, a measure that was referred to the voters through the referendum process and approved,[1] it is my opinion that the answer is generally "yes." Such action is clearly authorized under A.C.A. § 14-14-918(b), supra. As this office has previously opined, § 14-14-918(b) applies in instances where a measure has been approved by the voters. See Op. Att'y Gen. Nos.91-044, 90-126, and 90-016. This Code provision imposes a greater majority vote requirement (2/3 rather than a simple majority) for subsequent legislative action with respect to a measure which was submitted to and approved by the people. Op. Att'y Gen. 90-016.[2]
If, however, your question is intended to refer to the situation where a measure was rejected or disapproved through the referendum, then it is my opinion that § 14-14-918(b) is inapplicable. That is, measures which are disapproved as a result of their rejection when referred to the electors through the referendum process are simply not contemplated under §14-14-918(b). See Op. Att'y Gen. 90-016. Thus, in my opinion, a quorum court cannot simply vote to overturn the referendum election result in that instance. Rather, if the quorum court wishes to reenact the disapproved measure, it must do so by passing a new ordinance. See
A.C.A. § 14-14-905.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] See A.C.A. §§ 14-14-905(f) (1987) and 14-14-915(b)(2) (1987). Seealso Ark. Const. amend. 7.
[2] Section 14-14-918 is, of course, a general legislative provision governing initiative and referendum measures. The particular context of the question would have to be considered in determining whether §14-14-918(b) provides authority in a specific instance for the quorum court's amendment or repeal of the measure. Section 14-14-918(b) does not, for instance, authorize a quorum court to amend the designated purpose of a sales tax. See Op. Att'y Gen. 97-173 (concluding that this would be contrary to Ark. Const. art. 16, § 11). The initiation and repeal of a county sales tax is governed, moreover, by separate, specific statute. See, e.g., A.C.A. §§ 26-74-201 et seq. and 26-74-301 et seq.